J. N. PHARR & SONS, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14948. Promulgated November 10, 1930.

*Irving R. Saal, Esq.*, for the petitioner.
*Arthur H. Murray, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The respondent determined a deficiency of $3,835.13 in income tax for the fiscal year ended January 31, 1920. The petitioner pleaded the bar of the statute of limitations on assessment

but withdrew this issue at the hearing. The only issue is petitioner's right to a deduction of $42,100, being the aggregate amount of claims arising from petitioner's breach in this year of contracts to sell sugar. The facts are stipulated by the parties as follows:

STIPULATION OF FACTS.

I.

Petitioner was organized and incorporated under the laws of the State of Louisiana during the year 1904, and during the fiscal year ended January 31, 1920, was engaged in the planting and manufacture of sugar. The deficiency in tax involved in this appeal is $3,835.13 for the fiscal year ended January 31, 1920.

II.

During the fiscal year ended January 31, 1920, petitioner entered into certain contracts to sell granulated sugar on the dates, at the prices, in the amounts and to the companies listed below:

| Date of contract | Name | Amount | Price |
|---|---|---|---|
| | | Pounds | Cents per pound |
| Sept. 26, 1919 | F. O. Stone Baking Co | 177,500 | 11.76 |
| Oct. 6, 1919 | C. M. Comati & Co | 70,000 | 11.76 |
| Sept. 26, 1919 | Hy. S. Schlessinger | 175,000 | 11.76 |
| Sept. 27, 1919 | McCord Stewart & Co | 175,000 | 11.76 |
| Oct. 3, 1919 | C. D. Kenny & Co | 350,000 | 12 |
| Oct. 6, 1919 | _____do | 105,000 | 11.76 |

III.

On or about November 8th, 1919, a meeting was held in New Orleans between various sugar producers and the United States District Attorney for the Eastern District of Louisiana, acting under the authority of the Attorney General of the United States, at which meeting it was stated by said United States District Attorney that sales of granulated sugar at 18¢ per pound would be considered made within the law, but that if any sales were made above 18¢ the seller would be arrested right away and charged with a violation of the Lever Act; and the Attorney General's office, through the said United States District Attorney, suggested that all contracts for granulated sugar at a price higher than 18¢ per pound be abrogated.

IV.

Thereupon petitioner abrogated all of its contracts for the sale of granulated sugar at a price higher than 18¢ per pound, being contracts at prices ranging from 20¢ to 25¢ per pound, and also abrogated the above-mentioned six contracts for granulated sugar at 11.76¢ and 12¢ per pound.

V.

Thereafter the taxpayer sold at 18¢ per pound the 1,052.500 pounds of granulated sugar which, in accordance with the contracts above listed, it had previously contracted to sell at 11.76¢ and 12¢ per pound, and the profit arising from the sale of said granulated sugar was included in its income reported for its fiscal year ended January 31, 1920.

## VI.

Under date of August 27, 1920, suit was instituted against petitioner by the F. O. Stone Baking Company for the difference between the contract price of 11.76¢ per pound and 18¢ per pound. This suit was settled by a compromise agreement on or about November 4, 1924, on the basis of 4¢ per pound for the 177,500 pounds contracted for.

## VII.

Under date of August 3, 1920, suit was instituted against petitioner by C. M. Comati & Company for the difference between the contract price of 11.76¢ per pound and 18¢ per pound. This suit was settled by a compromise agreement, on or about November 4, 1924, on the basis of 4¢ per pound for the 70,000 pounds contracted for.

## VIII.

Under date of Jan. 16, 1920, suit was instituted against petitioner by Hy. S. Schlessinger, for the difference between the contract price of 11.76¢ per pound and 18¢ per pound. This suit was settled by a compromise agreement, on or about May 13, 1927, on the basis of 4¢ per pound for the 175,000 pounds contracted for.

## IX.

Under date of Jan. 16, 1920, suit was instituted against petitioner by McCord Stewart & Company, for the difference between the contract price of 11.76¢ per pound and 18¢ per pound. This suit was settled by a compromise agreement, on or about May 13, 1927, on the basis of 4¢ per pound for the 175,000 pounds contracted for.

## X.

Under date of Dec. 20, 1919, C. D. Kenny & Company filed suit in the United States District Court for the Eastern District of Louisiana, to recover the difference between the contract price of sugar under the two contracts entered into by it with petitioner, and 18¢ per pound, the then market price of sugar. Judgment was entered in favor of C. D. Kenny & Company, June 15, 1920, and signed August 2, 1920, on the basis of 4¢ per pound. Writ of error was prosecuted to the Circuit Court of Appeals for the Fifth Circuit, and judgment of the lower court was affirmed March 19, 1921.

## XI.

Petitioner kept its books of account and filed its return for the fiscal year ended January 31, 1920, on the accrual basis.

## XII.

The amount of $18,200 for which judgment was entered against petitioner in the case of C. D. Kenny & Company vs. J. N. Pharr & Sons, Limited, was paid either during the years 1923 or 1924. The other amounts due and payable to F. O. Stone Baking Co., C. M. Comati & Company, Hy. S. Schlessinger, McCord Stewart & Company, under the compromise agreements herein referred to, have not as yet been paid but have been recognized as liabilities of the receivership proceedings of the taxpayer under an order signed by the

Judge of the 23rd Judicial District Court for the Parish of St. Mary, State of Louisiana, where the receivership proceedings are pending.

### XIII.

No part of the $42,100 representing the aggregate amounts referred to in Paragraphs VI to X inclusive of this stipulation, was accrued as a liability on petitioner's books during the fiscal year ended January 31, 1920, nor was such sum or any part thereof set up as an accrual on its return for that fiscal year, nor was any part of such sum admitted by the taxpayer during said fiscal year to be a liability.

### XIV.

It is further stipulated and agreed that the Board may base its decision on the facts herein stipulated and that no other or further testimony will be submitted by either party.

It will be noted that the taxpayer broke its contracts in the taxable year and sold the sugar for a higher price. There was no admission of liability; no determination of an amount of probable damages, and the facts to control the damages are confined to the contract price and the actual price at which the sugar was later sold; no account was taken of an accrued liability. There is no indication of the damages claimed. And of the five suits commenced, only three were begun in the taxable year. We are of opinion that the decision of the United States Supreme Court in *Lucas* v. *American Code Co.*, 280 U. S. 445, and the earlier decisions of this Board cited therein support the Commissioner's disallowance of the deduction claimed.

The petitioner argues that the damages ultimately paid must be regarded as part of the cost of the sugar sold in the taxable year and that the profit from such sale and such cost should go hand in hand in determining gross income. But the possible damages for breach of five contracts can not be treated as cost of goods sold by new and different contracts with other buyers even where the motive of the breach was to enable petitioner to make the new and better sales.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

Trussell, dissenting: I can not agree with the conclusion reached in the foregoing opinion. The object of each of the Revenue Acts from 1913 to 1928 is the taxation only of net income and the purpose of all of the provisions of those Acts in defining gross income and allowing deduction of specific items is to arrive at actual net income. Where the construction placed on any one of those provisions in determining a rule for application upon the facts of one

case to determine true net income has the effect of distorting income when applied to a case upon different facts, it merely indicates that the second case is an exception to the rule.

The conclusion reached in the foregoing opinion is upon authority of the decision of the Supreme Court in *Lucas* v. *American Code Co.*, 280 U. S. 445; and certain decisions of the Board referred to in the opinion of the court. An examination of the opinion in *Lucas* v. *American Code Co.*, *supra*, and those of our cited decisions in which a liability was held not subject to accrual, shows them to be upon facts vitally different, in my opinion, from those existing in this proceeding. In none of those cases was the liability which was sought to be accrued either definite and possible of approximate determination in amount, or it was one not applicable to income of the year in which accrual and deduction were sought and to that year alone. In *Lucas* v. *American Code Co.*, *supra*, the liability was one for breach of a contract of employment which had many years to run and had no connection with the production of income of the particular year in which the deduction was sought. In that case the court said:

In the case at bar, the contract had nearly eighteen more years to run, at the time of its breach. Liability for the breach was denied and strenuously contested, the litigation being carried to the highest court of the State. The amount of the damages, if any, was wholly unpredictable. While the facts determining liability had occurred in the year of the breach, the amount to be recovered, if there was legal liability, depended in large part on the course of future events. Farquhar was under a duty to mitigate damages. He might have procured new employment which would have reduced his recovery to a nominal amount. Or, recovery might have been reduced or defeated by his death. * * *

In the present case the taxpayer, in order to resell the sugar at the existing market price and realize an added gain over what it would have received from delivery under the existing contracts at 11.76 and 12 cents per pound, breached these contracts and by its voluntary act incurred the liabilities here in question, and by reason of this action was enabled to immediately resell the sugar on the market at 18 cents per pound and the additional $64,896 of income thus realized was included by it in its return for 1920. The liabilities thus voluntarily assumed and through which the realization of the additional income was effected bore no relation in character to the liability involved in the foregoing case, and which the court held to be not subject to accrual because the amount recoverable was " wholly unpredictable " and " depended in large part on the course of future events." In the present case the contract prices and the market price at the date of breach were known factors upon which a *reasonably correct estimate* could be made of the extent of the liability. The fact that the taxpayer would be called upon to satisfy these liabilities was reason-

ably certain when within the taxable year three of the five parties instituted suit for the breach and the other two took the same action shortly thereafter. Finally, the item is one which pertained wholly and exclusively to income for the year 1920. Its deduction from income of that year will only result in the determination of the real net income, its exact amount is now known, and the settlement of the tax liability for that year is still open and before us for determination. Not only is this the case, but the item must be admitted to be one which the taxpayer is to be allowed as a deduction for some period and to apply it against income of any other year but 1920, would, in my opinion, be a manifest distortion of the income for such year. Considering the admitted facts the liability is one, in my opinion, so definite and so subject to reasonable estimate that it falls clearly within the excepted class referred to by the court in *Lucas* v. *American Code Co.*, *supra*, as "losses which are so reasonably certain in fact and ascertainable in amount as to justify their deduction, in certain circumstances, before they are absolutely realized."

The conclusion which I draw from the stipulated facts is that these liabilities, incurred in the fiscal year 1920, as an incident of the production of the income received and reported for that year, being definite and not dependent on the course of future events but subject to reasonable estimation, could under our decisions properly have been accrued in that year by the taxpayer in amounts representing the differences between the contract prices of 11.76 and 12 cents per pound and the market price at the date of the breach, and such amounts would have been adjustable to the sums in each case finally determined by judgment or compromise. *Producers Fuel Co.*, 1 B. T. A. 202; *Raleigh Smokeless Fuel Co.*, 6 B. T. A. 381; *Fraser Brick Co.*, 10 B. T. A. 1252. I do not think that it can be said that the taxpayer, by its failure to accrue these liabilities on its books in 1920, has lost its right to deduct them now by adjustment of the net income returned. The tax liability for that year is still open for settlement and the determination of the real and actual net income for that year is the purpose of this proceeding. If the items in question were subject to accrual they were, as items pertaining wholly to income of that year, necessarily to be accrued to correctly reflect income, and to charge them now as of that year is merely to correct the mistake then made. This petitioner's tax liability is not determined by the books it kept, but by the net income it received. Its books are merely looked to as one of the sources of evidence of such income which can not be increased or diminished by a failure to enter proper debits or credits.

I think that the sum of $42,100, representing the total of the judgments finally recovered and compromises effected for breach of the contracts in question, is an allowable deduction in arriving at net

income for the fiscal year 1920, in which year the liabilities accrued and in which petitioner received and reported the $64,896 of additional income realized through the action imposing the liabilities.

LANSDON, PHILLIPS, SEAWELL, and McMAHON agree with this dissent.